Filed 11/30/23  P. v. Ernst CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C096254 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF060001103) |
| v. | |
| SCOTT KEITH ERNST, | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed in this case on October 31, 2023, be modified as follows:

On page 4, delete the third full paragraph beginning with "We have no difficulty concluding" and replace with the following:

We have no difficulty concluding that an individual who tortured a victim is not similarly situated to an individual who did not kill, did not intend to kill, or was not a major participant in a crime, and the Legislature could rationally determine that someone who imposed torture should be punished differently. Defendant seeks to avoid this distinction by contending that his specific conviction for torture, with malice imputed under the natural and probable consequences doctrine, makes him similarly situated to individuals convicted of murder, attempted murder, or manslaughter under a theory of imputed malice, who are potentially eligible for resentencing. (See CALCRIM No. 402; *People v. Prettyman* (1996) 14 Cal.4th 248, 260-263.) Even if we were to accept that premise, we would still conclude the Legislature could rationally " ' "take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." ' " (*Kasler v. Lockyer*, *supra*, 23 Cal.4th at p. 482.) And even if defendant's conviction for attempted voluntary manslaughter places him in a group similarly situated to individuals convicted of attempted murder or voluntary manslaughter, the Legislature could have reasonably determined there was no need to permit resentencing for attempted voluntary manslaughter because that crime is generally subject to a lesser punishment. Attempted voluntary manslaughter is subject to 18 months, three years, or five years six months in state prison (§§ 193, subd. (a), 664, subd. (a)), whereas voluntary manslaughter is subject to three, six, or 11 years in state prison (§ 193) and attempted murder is subject to five, seven, or nine years (§ 664, subd. (a)). To the extent part of the Legislature's focus was on reducing the duration of incarceration, it was rationale to address crimes with generally higher sentences.

This modification does not change the judgment.

The petition for rehearing is denied.


FOR THE COURT:


_____/S/_____
HULL, Acting P. J.


_____/S/_____
MAURO, J.


_____/S/_____
KEITHLEY, J.*

---

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/31/23  P. v. Ernst CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SCOTT KEITH ERNST,<br><br>Defendant and Appellant. | C096254<br><br>(Super. Ct. No. CRF060001103) |

Defendant Scott Keith Ernst appeals from the trial court's denial of his petition seeking relief under Penal Code former section 1170.95 (now section 1172.6).[1]

---

[1] Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, former section 1170.95 was renumbered section 1172.6 without change to the text. (Stats. 2022, ch. 58, § 10.)  We will refer to the current statute.

1

Defendant contends the trial court (1) should have applied section 1172.6 to his convictions for torture and attempted voluntary manslaughter, and (2) should have appointed counsel for him. Finding no merit in the contentions, we will affirm the trial court's order.

## BACKGROUND

In 2008, a jury found defendant guilty of attempted voluntary manslaughter, torture, first degree robbery, conspiracy to commit first degree robbery, assault with a deadly weapon, criminal threats, malicious disfigurement, second degree robbery, and carjacking. The trial court sentenced defendant to life in state prison for torture, plus 12 years four months in state prison for the remaining offenses.

In 2022, defendant filed a section 1172.6 petition. As relevant here, the petition alleged he could not presently be convicted of torture or attempted voluntary manslaughter[2] due to changes in the law. Defendant requested the appointment of counsel and a hearing.

The trial court determined the petition was facially deficient because neither of defendant's convictions are eligible for relief under section 1172.6. The trial court summarily denied the petition without appointing counsel or holding a hearing.

## DISCUSSION

### I

Defendant contends the trial court should have applied section 1172.6 to his convictions for torture and attempted voluntary manslaughter. He argues there is an overriding legislative purpose that permits courts to look beyond the language of the

---

[2] Defendant's petition incorrectly referenced attempted "involuntary" manslaughter rather than attempted voluntary manslaughter. We assume this was a mistake and we refer to his correct conviction in this opinion.

statute and resentence a defendant convicted of a crime having a mental state equivalent to malice and who was sentenced to an indeterminate life term. In addition, he claims it would violate equal protection to exclude torture and attempted voluntary manslaughter from resentencing eligibility.

In interpreting a statute, we begin by considering the statute's words, giving them a plain and commonsense meaning. (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.) If the words are clear, we need go no further. (*Ibid*.)

Here, the statute allows petitions from defendants convicted of murder, attempted murder, and manslaughter. (§ 1172.6, subd. (a)(1), (2).) The statute does not mention attempted manslaughter or torture, nor does it mention any test for including other offenses, whether based on the required mental state or the potential punishment. We presume the Legislature meant what it said and, had it wanted courts to reach other crimes, it would have said so. In fact, in 2021 it amended the statute to include attempted murder and manslaughter but did not add attempted manslaughter or torture and did not authorize courts to apply the statute to unspecified offenses. (Stats. 2021, ch. 551, § 2; *People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

Defendant argues in the alternative that section 1172.6 denies equal protection to people convicted of attempted manslaughter and torture by excluding them from its resentencing scheme while including those convicted of murder, attempted murder, and manslaughter. Both the state and federal Constitutions extend to persons the equal protection of law, entitling persons similarly situated with respect to the legitimate purpose of the law to receive like treatment. (*People v. Chatman* (2018) 4 Cal.5th 277, 287 (*Chatman*); see U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).) California Supreme Court precedent does not differentiate between the state and federal guarantees of equal protection for claims arising from allegedly unequal consequences associated with different types of criminal offenses. (*Chatman,* at 287.)

3

"In order to decide whether a statutory distinction is so devoid of even minimal rationality that it is unconstitutional as a matter of equal protection, we typically ask two questions." (*Chatman, supra*, 4 Cal.5th at p. 289.) First, whether " ' "the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' " (*People v. McKee* (2010) 47 Cal.4th 1172, 1202, italics omitted.) "Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes." (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888; accord *People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.)

The second question is "whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*Chatman, supra*, 4 Cal.5th at p. 289.) "A classification in a statute is presumed rational until the challenger shows that no rational basis for the unequal treatment is reasonably conceivable." (*Ibid.*) "[T]he Legislature is afforded considerable latitude in defining and setting the consequences of criminal offenses." (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887; see also *Kasler v. Lockyer* (2000) 23 Cal.4th 472, 482 ["the state may recognize that different categories or classes of persons within a larger classification may pose varying degrees of risk of harm, and properly may limit a regulation to those classes of persons as to whom the need for regulation is thought to be more crucial or imperative"].)

We have no difficulty concluding that an individual who tortured a victim is not similarly situated to an individual who did not kill, did not intend to kill, or was not a major participant in a crime, and the Legislature could rationally determine that someone who imposed torture should be punished differently. And even if defendant's conviction for attempted voluntary manslaughter places him in a group similarly situated to individuals convicted of attempted murder or voluntary manslaughter, the Legislature could have reasonably determined there was no need to permit resentencing for attempted

4

voluntary manslaughter because that crime is generally subject to a lesser punishment. Attempted voluntary manslaughter is subject to 18 months, three years, or five years six months in state prison (§§ 193, subd. (a), 664, subd. (a)), whereas voluntary manslaughter is subject to three, six, or 11 years in state prison (§ 193) and attempted murder is subject to five, seven, or nine years (§ 664, subd. (a)).  To the extent part of the Legislature's focus was on reducing the duration of incarceration, it was rationale to address crimes with generally higher sentences.

Section 1172.6 does not violate defendant's right to equal protection of the laws.

## II

Defendant further contends the trial court should have appointed counsel for him. He focuses on the portion of *People v. Lewis* (2021) 11 Cal.5th 952 discussing appointment of counsel and an opportunity for briefing, but *Lewis* explains that a petitioner is entitled to appointment of counsel only upon the filing of a facially sufficient petition.  (*Lewis*, at p. 957; see also § 1172.6, subd. (b)(3).)

To be sufficient under section 1172.6, a petition must facially establish that the requirements for eligibility are satisfied.  (*People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subd. (b)(1)(A)-(C).)  As relevant here, it must declare that defendant was convicted of murder, attempted murder, or manslaughter.  (§ 1172.6, subd. (a)(2).)  Defendant's petition declared he was convicted of torture and attempted voluntary manslaughter.  As we have explained, those convictions are not referenced in the statute.  Accordingly, the trial court did not err in denying the petition without appointing counsel.

Defendant also contends the trial court should have informed him of the defects in the petition and given him an opportunity to amend.  But the statute makes no mention of amending a facially insufficient petition.  Rather, it requires denial without prejudice.  (§ 11726, subd. (b)(2).)  Defendant has not established trial court error.

5

DISPOSITION

The trial court's order denying defendant's petition for relief pursuant to section 1172.6 is affirmed.

_____/S/_____
MAURO, J.

We concur:

_____/S/_____
HULL, Acting P. J.

_____/S/_____
KEITHLEY, J.*

---

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6